## In re NEWARK & H. TRACTION CO.

(Circuit Court, D. New Jersey. June 24, 1901.)

REMOVAL OF CAUSES—FILING RECORD BEFORE SUCCEEDING TERM—JURISDICTION TO MAKE EX PARTE ORDERS.

Where proceedings against landowners for the condemnation of land under the eminent domain statutes of a state are removed by defendants into a federal court, the adverse party may file the record therein at any time, without waiting until the first day of the succeeding term; and thereupon it is competent for the judge to make such ex parte orders as are conformable to the state practice in like cases, such as fixing a time for the appointment of commissioners, etc.

On Motion to Set Aside Ex Parte Order.

Sherard Depue, for the motion.
Halsey M. Barret, opposed.

GRAY, Circuit Judge. In the matter of the application of the Newark & Hackensack Traction Company for the appointment of commissioners to examine and appraise the land of Mortimer M. Sanford and others, and assess the damages, argument was had before me at the March term of the circuit court in regard to the sufficiency of the order made by Judge Kirkpatrick fixing the time and place for hearing the application. At the argument I was inclined to think that the said order had been improvidently granted, but further consideration of the briefs of counsel on both sides has brought me to the conclusion that the order was properly granted, and that the action of Judge Kirkpatrick was in accordance with the approved practice in such cases. There is nothing in the statutes

of the United States regarding removals to forbid such an order being made. It is true that by the statutory bond the defendant, or the party on whose petition the removal is ordered, has until the first day of the next succeeding term within which to file the record in the circuit court of the United States. It is perfectly well settled, however, that the other party to the suit or proceeding may file the record at any time before the first day of the next succeeding term, and, having done so, it is competent for the judge of the circuit court to make such ex parte orders as the essential character of the proceeding certified in the record makes proper or necessary; such order not being in the nature of a step in the proceeding to final judgment, or in the determination of the merits of the controversy. The statute of New Jersey provided for such ex parte fixing of a day for the appearance of the owners, occupants, and other persons interested in the proceeding, and it is the proceeding under the New Jersey statute that has been removed into this court. Every litigation or controversy justiceable in a court of justice presupposes an ex parte act or step on the part of the actor or pursuer by which the proceeding before the court is initiated. The order made by Judge Kirkpatrick in the present case would then be analogous to the issuance of a summons at the commencement of a suit to the parties to be impleaded, warning them to appear at a time stated, in order that they may be before the court. The order in the present case will be considered as continued until Monday, the 1st day of July, when a further adjournment, or such other proceedings as may be taken before the judge who made the original order, may be had.